# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwar Anderson Gomez Blanco, | No. CV-26-01768-PHX-MTL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner alleges he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

To the extent Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025), the Court rejects Petitioner's argument that relief should be granted here simply because he is or may be a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025).  If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California.

Regardless, this Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for

purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted[1] and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a) or the Due Process Clause. The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 17th day of March, 2026.

Michael T. Liburdi
United States District Judge

---

[1] That Petitioner was paroled upon his entry to the United States does not change the Court's analysis. *Vazquez Romero v. Garland*, 999 F.3d 656, 661 (9th Cir. 2021) ("The parole of an alien into the United States does not affect the alien's immigration status. Aliens paroled elsewhere in the country for years pending removal are treated for due process purposes as if stopped at the border." (citations and quotation marks omitted)).

- 2 -